ARGUINZONIS, APPELLANT, v. REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 533.—Decided July 3, 1922.

RECORD OF TITLE—COMMUNITY PROPERTY—CONSENT OF CO-OWNERS.—In order to acquire community property it is not necessary to secure the consent of the other co-owner.

ID.—POSSESSORY TITLE—PREVIOUS RECORD.—The Mortgage Law prohibits a registrar from recording a possessory title when there is already a record in the name of another person, and in case of doubt the registrar is also justified in refusing to record. *Veguilla* v. *Registrar of Guayama*, decided June 22, 1922.

The facts are stated in the opinion.
*Mr. M. Guzmán Texidor* for the appellant.
The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The Municipal Court of Cayey rendered judgment for the appellant in a possessory proceeding for land, but when the order was presented for record to the Registrar of Guayama he denied the writ in the following note:

"Record of the foregoing possessory proceeding is denied inasmuch as the property sought to be recorded is already of record as a property of a larger area and undivided in favor of Petronila, Carmen, Luis, Pablo and Eleuterio Rivera Vázquez, at folio 163, vol. 5th, of Cidra, property No. 272, 1st entry; and also because it does not appear from the proceedings that the petitioner or his predecessors in title have acquired the property in question in the shares as described in said proceedings and with the express consent of the other co-owners _____"

We agree with the appellant that in order to acquire com-

munity property the consent of the co-owners is not necessary. No such requirement is to be found in the Civil Code.

With regard to the first ground of the note, the appellant has brought nothing to our attention in the way of proof to show that the registrar was mistaken in finding that part of the land sought to be recorded coincided with land already recorded in the names of other persons. The Mortgage Law prevents the registrars from recording a possessory title when a record in the name of another is already made, and in case of doubt the registrar is likewise justified in refusing. The case of *Veguilla* v. *Registrar of Guayama, ante,* page 777, is applicable. The note must be reversed with respect to the second ground and affirmed as to the first.

*Affirmed in part.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.